# EXHIBIT 15

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
LAUREN J. KRICKL (305379)
(lkrickl@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

Attorneys for Defendant
SNAP INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAPORSTREAM, INC., | Case No.  2:17-CV-220-MLH-KS |
| Plaintiff, | **SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS** |
| v. | |
| SNAP INC. d/b/a SNAPCHAT, INC., | |
| Defendant. | |

Pursuant to the Court's October 30, 2017 Order (ECF No. 89) and subsequent Amended Scheduling Order (ECF No. 96), Defendant Snap Inc. ("Snap") hereby discloses its Third Amended Invalidity Contentions ("Invalidity Contentions") and associated document production.  Snap's Invalidity Contentions are done pursuant to Section 7 of the Court's October 30, 2017 Order (ECF No. 89 at 10) and Section 8 of the Court's Amended Scheduling Order ECF No. 96 at 10-11) providing that "absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions: . . . if, not later than **fifty (50) days after service of the Court's Claim Construction Ruling**, the party opposing infringement believes in good

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

faith that amendment is necessitated by a claim construction that differs from that proposed by such party." (*Id.* (underlining added).) The Court's Claim Construction Order (ECF No. 118) issued on **February 27, 2018**, thus giving Snap until **April 18, 2018** to amend its invalidity contentions based on a good faith belief that amendment is necessitated by claim constructions that differ from those proposed by Snap.

Snap had previously served Plaintiff Vaporstream, Inc. ("Vaporstream") Snap's Second Amended Invalidity Contentions dated January 12, 2018. Snap hereby amends its Second Amended Invalidity Contentions **only to supplement its contention that each of the claims asserted Vaporstream is invalid under 35 U.S.C. § 112 for lack of written description**. Snap believes in good faith that amendment to its contentions under 35 U.S.C. § 112 (written description) set forth in the Second Amended Invalidity Contentions are necessitated by the Court's Claim Construction Rulings regarding claim terms "correlation" and "reduced traceability displays."[1]

For the claim term "reduced traceability displays," the Court rejected Snap's proposed construction and adopted the construction proposed by Vaporstream, which

---

[1] Snap also corrects certain typographical errors that appeared in the listing of prior art references and listing of obviousness combinations in its Second Amended Invalidity Contentions. The listing of prior art references in the Second Amended Invalidity Contentions listed certain references more than once. The corrections made in the instant Invalidity Contentions to the listing of prior art references are thus limited to removing these duplicative listings.

Some obviousness combinations for asserted dependent claims in the Second Amended Invalidity Contentions omitted one or more prior art references that were included in the corresponding obviousness combinations for the independent claims (from which the dependent claims depend). The corrections made in the instant Invalidity Contentions to the listing of obviousness combinations are thus limited to incorporating into those dependent claims prior art references that were included in the obviousness combinations for corresponding independent claims. *See* 35 U.S. Code § 112(d) ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.").

is "an arrangement of displays that enables reduced traceability of electronic messages (e.g., by separately displaying identifying information and message content)." (ECF No. 118 at 17.) For the claim term "correlation," the Court's Claim Construction Order notes that the parties agree that it should be construed as "data corresponding to a message used to associate two components of a message." (*Id.* at 9.) But this construction was originally proposed by Vaporstream (ECF No. 97-1 at 5-11; ECF 97-2 at 9-17), and the parties did not reach an agreement to adopt Vaporstream's proposed construction on January 19, 2018 (Exhibit Z, attached hereto), a week after service of Snap's Second Amended Invalidity Contentions.[2]

Because the constructions adopted by the Court for both claim terms differed from those originally proposed by Snap, and Snap believes in good faith that amendment to its Second Amended Invalidity Contentions is necessitated by the constructions adopted by the Court, Snap's instant Invalidity Contentions are proper under Section 7 of the Court's October 30, 2017 Order (ECF No. 89 at 10) and Section 8 of the Court's Amended Scheduling Order ECF No. 96 at 10-11.

Snap reserves its right to supplement these disclosures in light of fact discovery and any other additional information that may come to light in the course of this case.

## I.    GENERAL STATEMENTS AND OBJECTIONS

### A.    Asserted Claims

Pursuant to the Court's Amended Scheduling Order (ECF No. 96), on December 8, 2017, Vaporstream served Snap with "Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions" ("Infringement Contentions") alleging infringement of U.S. Patent Nos. 8,886,739 ("the '739 patent"), 8,935,351 ("the '351 patent"), 9,306,885 ("the '885 patent"), 9,306,886 ("the '886 patent"), 9,313,155 ("the

---

[2] Exhibit Z is the only new exhibit served with the instant Invalidity Contentions. All other exhibits referred to herein have been previously served with previous invalidity contentions.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

'155 patent"), 9,338,111 ("the '111 patent"), and 9,413,711 ("the '711 patent")
(together "the Asserted Patents").[3]  Specifically, Vaporstream has alleged that Snap
infringes the following claims:

- Claims 1 and 5 of the '739 patent;
- Claims 1, 6, 9, 11, and 12 of the '351 patent;
- Claims 1 and 6 of the '885 patent;
- Claims 1, 5, 9-11, 13 of the '886 patent;
- Claims 1-6, and 9 of the '155 patent;
- Claims 1, 4, 5, 9, 10 and 11 of the '111 patent; and
- Claims 1, 4-6, 11, 13, 15, and 16 of the '711 patent (together "the Asserted Claims").

To the extent that the Court permits Vaporstream to assert additional claims
against Snap beyond those listed above, Snap reserves all rights to disclose new or
supplemental invalidity contentions regarding such claims.  Furthermore, because
discovery is still ongoing, Snap reserves the right to revise, amend and/or supplement
the information provided herein, including identifying, charting, and relying on
additional references, including removal and/or replacement of one or more of the
references cited herein, should further investigation and discovery yield additional
information or references.

Vaporstream's Infringement Contentions are deficient in multiple respects and
do not provide Snap with sufficient information to understand the specific accused
features and components and the alleged factual and evidentiary bases for

---

[3] Vaporstream is no longer asserting claims from U.S. Patent Nos. 9,313,156 ("the '156
patent") or 9,313,157 ("the '157 patent") in this action, and accordingly, Snap does not
herein provide invalidity disclosures with respect to those claims.  Vaporstream has
identified no theory of infringement or evidence for the '156 and '157 patents.  To the
extent Vaporstream attempts and is permitted to again assert claims from the '156 and
'157 patents, Snap reserves its right to provide invalidity disclosures with respect to
those claims.

Vaporstream's allegations, and fail to put Snap on adequate notice as to Vaporstream's infringement theories.  Vaporstream fails to properly identify accused instrumentalities, and does not adequately explain Vaporstream's infringement theory for numerous claim elements.  Vaporstream has thus prejudiced Snap's ability to understand, for purposes of preparing these Invalidity Contentions, what Vaporstream alleges to be the scope of the Asserted Claims.  If Vaporstream further amends its Infringement Contentions, and is permitted to do so by the Court upon a showing of good cause, or otherwise attempts to modify or clarify any of its infringement theories, Snap reserves the right to supplement or otherwise amend these Invalidity Contentions to the extent permitted by the Federal Rules and the Court.

**B.    Claim Construction**

Snap reserves the right to supplement or otherwise amend these Invalidity Contentions in response to any position taken by Vaporstream concerning claim construction, infringement, or validity issues.

To the extent that these Invalidity Contentions reflect constructions of claim terms that may be consistent with or implicit in Vaporstream's Infringement Contentions, no inference is intended or should be drawn that Snap agrees with such claim constructions.  Snap takes no position on any matter of claim construction in these invalidity contentions.  Any statement herein describing or tending to describe any claim element is provided solely for the purpose of understanding the relevant prior art.  Snap expressly reserves the right to propose any claim construction it considers appropriate and/or to contest any claim construction it considers inappropriate.  Nothing contained in these Invalidity Contentions or any accompanying appendices or claim charts should be understood or deemed to be an express or implied admission or contention with respect to the proper constructions of any terms in the Asserted Claims. The information provided shall not be deemed an admission regarding the scope of any claims or the proper construction of those claims or any terms contained therein.  Snap expressly reserves the right to take positions with respect to claim construction issues

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

that are inconsistent with, or even contradictory to, claim construction positions expressed or implied in these Invalidity Contentions. Moreover, nothing herein admits in any way that any of Snap's accused products or services, or any of Snap's other products or services, infringes any of the Asserted Claims.

## C.     Ongoing Discovery and Disclosures

Discovery in this case is ongoing and Snap's investigation is ongoing. Snap bases these Invalidity Contentions on its current knowledge and understanding of the Asserted Patents, Vaporstream's Infringement Contentions, the prior art, and other facts and information available as of the date of these contentions. Snap has not yet completed its investigation, collection of information, discovery, or analysis relating to this action, and additional discovery may require Snap to supplement or modify these contentions. For example:

- Vaporstream has not produced all of the information relevant to Snap's claims and defenses.

- Snap also has not yet deposed the named inventors of the Asserted Patents and/or other persons having potentially relevant information, but will engage in this and other such discovery consistent with this Court's orders.

- Third-parties have not fully responded to Snap's outstanding subpoenas seeking additional discovery of prior art references in spite of Snap's continued diligence.

Snap therefore reserves the right to further supplement or alter the positions taken and information disclosed in these Invalidity Contentions including, without limitation, the prior art and grounds of invalidity set forth herein, to take into account information or defenses that may come to light as a result of these continuing efforts pursuant to the Court's Amended Scheduling Order.

Further, as described above, Snap intends to diligently seek discovery from third parties to demonstrate earlier invention by other parties under at least 35 U.S.C. § 102(g). Snap further intends to take discovery on the issues of improper inventorship

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

1  and/or derivation under 35 U.S.C. § 102(f), public use and/or the on-sale bar under 35

2  U.S.C. § 102(b), and/or applicants' failure to comply with 35 U.S.C. § 112.  Snap

3  therefore reserves all rights to further supplement or amend these invalidity contentions

4  if and when further information becomes available.

5  **D.     Incorporation by Reference**

6  Snap incorporates by reference its pending Motion for Summary Judgment on

7  the basis that the Asserted Patents are invalid for failure to claim patentable subject

8  matter under 35 U.S.C. § 101 and related papers.  Snap further incorporates by reference

9  the *Inter Partes* Review petitions it filed regarding the Asserted Patents, the '156 patent,

10  and the '157 patent.[4]

11  **E.     Prior Art Identification and Citation**

12  In the accompanying charts, Snap identifies specific portions of prior art

13  references that disclose the elements of the Asserted Claims.  Although Snap has

14  identified at least one citation per element for each reference, each and every disclosure

15  of the same element in said reference is not necessarily identified.  In an effort to focus

16  the issues, Snap identifies only limited portions of the cited references.  It should be

17  recognized that a person of ordinary skill in the art would generally read a prior art

18  reference as a whole and in the context of other publications, literature, and general

19  knowledge in the field.  To understand and interpret any specific statement or disclosure

20  in a prior art reference, a person of ordinary skill in the art would rely upon other

21  information including other publications and general scientific or engineering

22  knowledge.  Snap therefore reserves the right to rely upon other unidentified portions

23  of the prior art references and on other publications and expert testimony to provide

24  context and to aid understanding and interpretation of the identified portions.  Snap also

25  reserves the right to rely upon other portions of the prior art references, other

26

27  [4] The AIA Review Numbers for these petitions are IPR2018-00200, IPR2018-00312,

28  IPR2018-00369, IPR2018-00397, IPR2018-00404, IPR2018-00408, IPR2018-00416,
    IPR2018-00439, IPR2018-00455, IPR2018-00458.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

publications, and the testimony of experts to establish that the alleged inventions would have been obvious to a person of ordinary skill in the art, including on the basis of modifying or combining certain cited references.  Snap also reserves the right to rely upon any admissions relating to prior art in the Asserted Patents or their prosecution history.

Where Snap identifies a particular figure in a prior art reference, the identification should be understood to encompass the caption and description of the figure as well as any text relating to the figure in addition to the figure itself.  Similarly, where an identified portion of text refers to a figure or other material, the identification should be understood to include the referenced figure or other material as well.

## II.   INVALIDITY CONTENTIONS

### A.   Identification of Prior Art and Prior Art Combinations

Pursuant to the agreement of the parties, Snap identifies the following prior art for each of the Asserted Claims.  The following patents and publications are prior art under at least 35 U.S.C. §§ 102(a), (b), (e) and/or (g) and 103 over the Asserted Patents.

|   | Reference Short Name | Documentation |
|---|---|---|
| 1 | **Berger** | U.S. Patent Pub. No. 2003/0152203A1 |
| 2 | **Bienstock** | U.S. Patent Pub. No.: US 2006/0075033 A1 |
| 3 | **Blum** | Richard Blum, Postfix (2001) |
| 4 | **Boyce** | Jim Boyce, Microsoft Outlook Version 2002 |
| 5 | **Calloway** | U.S. Patent No. 7,865,394 |
| 6 | **Edwards** | Leigh Edwards, Developing Series 60 Applications: A Guide for Symbian OS C++ Developers: A Guide for Symbian OS C++ Developers (2004) |
| 7 | **Fardella** | U.S. Patent Pub. No. 2001/0032246 A1 |
| 8 | **Ford** | U.S. Patent Application Publication No. 2005/0014493 A1 |

| 9 | **Hanna** | U.S. Patent No. 7,054,905 |
|---|---|---|
| 10 | **Hartselle** | U.S. Patent No. 7,356,564 |
| 11 | **Hazel** | Philip Hazel, Exim: The Mail Transfer Agent (2001) |
| 12 | **Jain** | U.S. Patent No. 6,332,164 |
| 13 | **Jo** | U.S. Patent No. 8,504,080 |
| 14 | **Microsoft Outlook Software System** | Jim Boyce, Microsoft Outlook Version 2002 |
| 15 | **Microsoft Server system** | Lenoid Braginski, Running Microsoft Internet Information Server (1998) |
| 16 | **Motorola MPx200 Mobile Phone system** | Motorola MPx200 User's Manual (2003) |
| 17 | **Namias** | U.S. Patent Pub. No. 2002/0112005 A1 |
| 18 | **Nextel i100plus** | Nextel i1000plus User's Guide |
| 19 | **Nikkanen** | "One-Handed Use as a Design Driver: Enabling Efficient Multi-channel Delivery of Mobile Applications," Mobile and Ubiquitous Information Access, Sep. 8, 2003 |
| 20 | **Nokia 7xxx Series Mobile Phone system** | (1) User's Guide for Nokia 7610 (2004) (2) Nokia 7610 User Guide |
| 21 | **Nokia 68xx Series Mobile Phone (system)** | Nokia User's Guide for Nokia 6800, Issue 1 (2003) |
| 22 | **Ogilvie** | U.S. Patent No. 6,324,569 |

Cooley LLP
Attorneys At Law
Palo Alto

| 23 | **Parikh** | U.S. Patent No. 5,801,697 |
|---|---|---|
| 24 | **Pocket PC Phone system** | (1) User Manual: Pocket PC Phone (2003)<br>(2) HP iPAQ h6315 Guide (2003)<br>(3) Segan, "HP iPAQ h6315," PC Magazine (Sept. 23, 2004)<br>(4) Brown, "Pocket PC Joins the PDA/Phone Parade," PC Magazine (Aug. 1, 2002)<br>(5) Miller, "Forward Thinking: Gadgets of the Month,"<br>(6) PC Magazine at p. 43 (Oct. 1, 2002)<br>"Pocket Multimedia," PC Magazine at p. 112 (May 6, 2003). |
| 25 | **Ogilvie** | U.S. Patent No. 6,324,569 |
| 26 | **Parikh** | U.S. Patent No. 5,801,697 |
| 27 | **Postfix server software system** | SMTPD(8) POSTFIX MANUAL |
| 28 | **Redlich** | U.S. Patent No. 7,669,051 |
| 29 | **RFC 2821** | RFC 2821 |
| 30 | **Saffer** | U.S. Patent Pub. No. 2003/0122922 |
| 31 | **Smith** | U.S. Patent No. 6,192,407 |
| 32 | **Stevenson** | Nancy Stevenson, Tablet PCs for Dummies (1st ed. 2003) |
| 33 | **Thorne** | U.S. Patent No. 5,958,005 |
| 34 | **Wren** | U.S. Patent Pub. No.: US 2005/0021803 A1 |
| 35 | **Yuan** | Michael Juntao Yuan, Enterprise J2ME: Developing Mobile Java Applications (2004)[5] |

---

[5] In the Second Amended Invalidity Contentions, this chart further listed prior art references Redlich, RFC 2821, Saffer, Smith, and Stevenson as numbers 36-40. Since these prior art references are already listed in this chart (as numbers 28-32), their duplicative listing as numbers 36-40 have been removed to correct this typographical error.

Cooley LLP
Attorneys At Law
Palo Alto

10.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

With respect to these references, Snap identifies the following prior art invalidity grounds (with a maximum of four per Asserted Claim):

| Patent No. | Asserted Claim | Combination References 1 | Combination References 2 | Combination References 3 | Combination References 4 |
|---|---|---|---|---|---|
| 9,413,711 | 1 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |
| | 4 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, |

Cooley LLP
Attorneys At Law
Palo Alto

| | | | | Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella | Hartselle, Redlich, and Fardella |
|---|---|---|---|---|---|
| | 5 | Namias, Wren, Yuan, Fardella, Stevenson , Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), and Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

| | | | | | |
|---|---|---|---|---|---|
| | | | | Fardella | |
| | 6 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |
| | 11 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |

Cooley LLP
Attorneys At Law
Palo Alto

13.

Snap Inc.'s Third Amended Invalidity
Contentions
2:17-CV-220-MLH-KS

|  |  |  |  | i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella |  |
|---|---|---|---|---|---|
|  | 13 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, Hartselle, RFC 2821, and Hazel | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |
|  | 15 | Namias, Wren, Yuan, Fardella, | Bienstock, Saffer, Parikh, | Pocket PC Phone (System), | Nokia 7xxx Series Mobile Phone |

Cooley LLP
Attorneys At Law
Palo Alto

14.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

| | | Stevenson, Parikh, Hartselle, and Thorne | Calloway, Fardella, and Hartselle | Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server (system), CopySafe Software (system), Wren, and Fardella | (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, Fardella, and Jain |
| | 16 | Namias, Wren, Yuan, Fardella, Stevenson, Parikh, Hartselle, and Thorne | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Microsoft Server | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Parikh, Berger, Hartselle, Redlich, and Fardella |

Cooley LLP
ATTORNEYS AT LAW
PALO ALTO

15.

SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS

| | | | | (system), CopySafe Software (system), Wren, and Fardella | |
|---|---|---|---|---|---|
| | | | | | |
| 8,935,351 | 1 | Wren, Berger, and Thorne | Bienstock, Saffer, Calloway, Fardella, Hartselle, and Ogilvie | Nokia 68xx Series Mobile Phone (system), Nextel i1000plus, Saffer, and Microsoft Outlook software system | Nokia 7xxx Series Mobile Phone (system), Yuan, Edwards, Nikkanen, Jo, and Ogilvie |
| | 6 | Wren, Berger, and Thorne | Bienstock, Saffer, Calloway, Fardella, Hartselle, and Ogilvie | Nokia 68xx Series Mobile Phone (system), Nextel i1000plus, Saffer, and Microsoft Outlook software (system) | Nokia 7xxx Series Mobile Phone (system), Yuan, Edwards, Nikkanen, Jo, and Ogilvie |
| | 9 | Wren, Berger, Thorne, Hartselle, and CopySafe | Bienstock, Saffer, Calloway, Fardella, Hartselle, and | Nokia 68xx Series Mobile Phone (system), Nextel | Nokia 7xxx Series Mobile Phone (system), Yuan, |

Cooley LLP
Attorneys At Law
Palo Alto

16.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

| | | software (system) | Ogilvie | i1000plus, Saffer, Microsoft Outlook software (system) , and CopySafe software (system) | Edwards, Nikkanen, Jo, Ogilvie, and Thorne |
|---|---|---|---|---|---|
| | **11** | Wren, Berger, and Thorne | Bienstock, Saffer, Calloway, Fardella, Hartselle, and Ogilvie | Nokia 68xx Series Mobile Phone (system), Nextel i1000plus, Saffer, Microsoft Outlook software system | Nokia 7xxx Series Mobile Phone (system), Yuan, Edwards, Nikkanen, Jo, Ogilvie, Symbian OS, and Microsoft Outlook software (system) |
| | **12** | Wren, Berger, Thorne, Hanna, and Microsoft Server (system) | Bienstock, Saffer, Calloway, Fardella, Hartselle, and Ogilvie | Nokia 68xx Series Mobile Phone (system), Nextel i1000plus, Saffer, Microsoft Outlook software (system), Microsoft | Nokia 7xxx Series Mobile Phone (system), Yuan, Edwards, Nikkanen, Jo, Ogilvie, Symbian OS, Microsoft Outlook software |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17.

SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS

| | | | | Server (system), and Redlich | (system), Berger, and Calloway |
|---|---|---|---|---|---|
| | | | | | |
| **9,306,886** | **1** | Wren, Berger, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, and CopySafe software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
| | **5** | Wren, Berger, Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, CopySafe software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
| | **9** | Wren, Berger, Parikh, Hartselle, Hanna, and Microsoft Server (system) | Bienstock, Saffer, Parikh, Calloway, Fardella, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, |

18.

| | | | | CopySafe software (system), Microsoft Server (system), and Redlich | Berger, Hartselle, and Redlich |
|---|---|---|---|---|---|
| | 10 | Wren, Berger, Parikh, Hartselle, Hanna, and Microsoft Outlook Software (system) | Bienstock, Saffer, Parikh, Calloway, Fardella, Hartselle, and Jain | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, CopySafe software (system), and Microsoft Server (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, Redlich, and Jain |
| | 11 | Wren, Berger, Parikh, Hartselle, Hanna, and Microsoft Outlook Software (system) | Bienstock, Saffer, Parikh, Calloway, Fardella, Hartselle, and Jain | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, CopySafe software (system), Jain, and Microsoft Server | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, Redlich, and Jain |

Cooley LLP
Attorneys At Law
Palo Alto

19.

Snap Inc.'s Third Amended Invalidity
Contentions
2:17-CV-220-MLH-KS

| | | | | (system) | |
|---|---|---|---|---|---|
| | **13** | Wren, Berger, Parikh, Hartselle, Thorne, and Microsoft Outlook Software (system) | Bienstock, Saffer, Parikh, Calloway, Fardella, Hartselle, and Ogilvie | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, Fardella, CopySafe software (system), Thorne, and Microsoft Server (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, Redlich, and Thorne |
| | | | | | |
| **9,338,111** | **1** | Wren, Berger Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, CopySafe software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
| | **4** | Wren, Berger Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, |

Cooley LLP
Attorneys At Law
Palo Alto

20.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

| | | | | Parikh, and CopySafe software (system) | Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
|---|---|---|---|---|---|
| | 5 | Wren, Berger Parikh, and Hartselle | Bienstock, Saffer, Parikh, Calloway, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, and CopySafe software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
| | 9 | Wren, Berger Parikh, Hartselle, Hanna, and Microsoft Server (system) | Bienstock, Saffer, Parikh, Calloway, and Hartselle | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, CopySafe software (system), Microsoft Server (system), and Redlich | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, and Redlich |
| | 10 | Wren, Berger Parikh, Hartselle, Hanna, and Microsoft | Bienstock, Saffer, Parikh, Calloway, Hartselle, and | Nokia 68xx Series Mobile Phone (system), Nextel | Nokia 7xxx Series Mobile Phone (System), Yuan, |

Cooley LLP
Attorneys At Law
Palo Alto

21.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

|  |  |  | Outlook software (system) | Jain | i100plus, Parikh, CopySafe software (system), and Microsoft Server (system) | Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, Redlich, and Jain |
|---|---|---|---|---|---|---|
|  |  | 11 | Wren, Berger Parikh, Hartselle, Hanna, and Microsoft Server (system) | Bienstock, Saffer, Parikh, Calloway, Hartselle, and Jain | Nokia 68xx Series Mobile Phone (system), Nextel i100plus, Parikh, CopySafe software (system), Microsoft Server (system), and Jain | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Nikkanen, Jo, Parikh, Berger, Hartselle, Redlich, and Jain |
|  |  |  |  |  |  |  |
| 8,886,739 | 1 |  | Namias, Saffer, and Smith | Namias, Blum, Hazel, RFC 2821, and Boyce | Pocket PC Phone (System), Motorola MPx200 Phone (System), Microsoft Server (system), Saffer, and Microsoft | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Jo, Fardella, Redlich, and Ford |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22.

SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS

| | | | | Outlook Software (System) | |
|---|---|---|---|---|---|
| | 5 | Namias, Saffer, and Smith | Namias, Blum, Hazel, RFC 2821, Boyce, Wren, Jo, Fardella, and Ford | Pocket PC Phone (System), Motorola MPx200 Phone (System), Microsoft Server (system), Saffer, and Microsoft Outlook Software (System) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Jo, Fardella, Redlich, and Ford |
| | | | | | |
| 9,313,155 | 1 | Namias, Fardella, and Stevenson | Namias, Fardella, Stevenson, Parikh, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, and CopySafe Software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and Fardella |
| | 2 | Namias, Fardella, Stevenson, Saffer, Smith, | Namias, Fardella, Stevenson, Parikh, | Pocket PC Phone (System), Motorola | Nokia 7xxx Series Mobile Phone (System), |

| | | RFC 2821, and Microsoft Server (system) | Hartselle, RFC 2821, Hazel, and Microsoft Server (system) | MPx200 Phone (System), Parikh, CopySafe Software (system), and Exim Server (system) | Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and Fardella |
| | 3 | Namias, Fardella, Stevenson, Saffer, and Microsoft Server (system) | Namias, Fardella, Stevenson, Parikh, Hartselle, RFC 2821, and Microsoft Server (system) | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, CopySafe Software (system), Exim Server Software (system), Redlich | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and Fardella |
| | 4 | Namias, Fardella, and Stevenson | Namias, Fardella, Stevenson, Parikh, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, and CopySafe Software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and Fardella |

| | | | | |
|---|---|---|---|---|
| | **5** | Namias, Fardella, and Stevenson | Namias, Fardella, Stevenson, Parikh, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, and CopySafe Software (system) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and Fardella |
| | **6** | Namias, Fardella, Stevenson, Ford, and Microsoft Outlook Software (System) | Namias, Fardella, Stevenson, Parikh, Hartselle, Ford, and Microsoft Outlook Software (System) | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, CopySafe Software (system), and Microsoft Outlook Software (System) | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, Fardella, and Boyce |
| | **9** | Namias, Fardella, and Stevenson | Namias, Fardella, Stevenson, Parikh, and Hartselle | Pocket PC Phone (System), Motorola MPx200 Phone (System), Parikh, and CopySafe | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Parikh, Wren, Jo, Redlich, Hartselle, and |

Cooley LLP
Attorneys At Law
Palo Alto

25.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

| | | | | Software (system) | Fardella |
|---|---|---|---|---|---|
| | | | | | |
| **9,306,885** | **1** | Namias, PC Magazine, Saffer, and Smith | Namias, PC Magazine, RFC 2821, and Hazel | Pocket PC Phone (System), Motorola MPx200 Phone (System), CopySafe Software (system), Microsoft Server (system), Wren, and Fardella | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Jo, Hartselle, Redlich, and Fardella |
| | **6** | Namias, PC Magazine, Saffer, and Smith | Namias, PC Magazine, RFC 2821, Hazel Wren, Jo, and Fardella | Pocket PC Phone (System), Motorola MPx200 Phone (System), CopySafe Software (system), Microsoft Server (system), Wren, and Fardella | Nokia 7xxx Series Mobile Phone (System), Yuan, Edwards, Wren, Jo, Hartselle, Redlich, and Fardella |

Snap's disclosure of proposed invalidity grounds and combinations is based on

its current understanding of the claims.  Snap therefore reserves its right to supplement this disclosure based on further developments in the case.  Snap also reserves its right to streamline and narrow its disclosure based on such developments.  For purposes of illustration, suppose for a particular prior art combination of four references, A + B + C + D, that reference D was relied upon to show a limitation that was potentially missing from the other three references.  Snap reserves its right to remove D from the combination based on further developments.  For example, if Vaporstream later concedes or otherwise does not dispute that the limitation for which D was cited is already expressly or inherently disclosed by one of the other references in the combination, Snap reserves its right to remove that reference from the combination to streamline its invalidity theories for the benefit of the parties and the Court.

These combinations also disclose grounds that are based at least in part on prior art products, programs, or systems that performed elements of the Asserted Claims, which show public disclosure, knowledge and/or sales of the alleged invention under 35 U.S.C. § 102(a)-(b) (pre-AIA).  Snap has been and is diligently pursuing discovery from third-parties and has supplemented these Invalidity Contentions with the information it currently has.  Snap reserves its right to supplement these disclosures to provide further description of the invalidating systems based on, for example, production of additional documents or third party discovery relating to the operation or public accessibility of such systems.

Exhibits A-I include charts specifically identifying where each element of each Asserted Claim is found in the prior art, and an explanation of the grounds identified above.  In addition, for certain limitations, the discussion below includes an identification of where certain prior art references disclose that limitation and the rationale for combining that reference with those found in Exhibits A-I as identified in those exhibits.

To the extent any limitation of any of the Asserted Claims of the Asserted Patents is construed to have a similar meaning, or to encompass similar feature(s) and/or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

27.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

function(s), with any other claim limitation of any of the other Asserted Claims, as apparently contended by Vaporstream in its Infringement Contentions, or later by the Court, and to the extent at least one claim chart in Exhibits A-I hereto identifies any prior art reference, or a portion thereof, as disclosing or teaching such similarly construed claim limitation, such identified prior art reference, or the portion thereof, and Snap's contentions with respect to such claim limitation and such prior art reference as found in such claim chart, are incorporated by reference, and are part of, Snap's invalidity contention with respect to each Asserted Claim that includes such similarly construed claim limitation.

To the extent that they are prior art, Snap reserves the right to rely upon foreign counterparts of the U.S. Patents identified in Snap's Invalidity Contentions; U.S. counterparts of foreign patents and foreign patent applications identified in Snap's Invalidity Contentions; and U.S. and foreign patents and patent applications corresponding to articles and publications identified in Snap's Invalidity Contentions. Snap also reserves the right to rely upon parent or ancestor patents or patent applications from which any of the patents or patent applications identified claim priority as continuation, divisional, or continuation-in-part applications.

The claim charts of Exhibits A-I provide example sections within the prior art references that teach or suggest each and every element of the Asserted Claims. Each reference or combination of references suggested by each chart indicates whether the prior art renders the claim obvious or anticipated. To the extent that an element of an Asserted Claim is not found in a chart, the claim is rendered obvious by combination with one or more other prior art references identified in Exhibits A-I.

No showing of a specific motivation to combine prior art is required to combine the references disclosed herein, as each combination of art would have no unexpected results, and at most would simply represent a known alternative to one of ordinary skill in the art. *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 416-17, 127 S. Ct. 1727, 1739-40 (2007) ("*KSR*") (rejecting the Federal Circuit's "rigid" application of the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

teaching, suggestion, or motivation to combine test, instead espousing an "expansive and flexible" approach). Indeed, the Supreme Court held that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton" and "in many cases a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 1742.

In view of the Supreme Court's *KSR* decision, the PTO issued a set of Examination Guidelines. *See* Examination Guidelines for Determining Obviousness Under 35 U.S.C. § 103 in View of the Supreme Court Decision in *KSR International Co. v. Teleflex Inc.*, 72 Fed. Reg. 57,526 (Oct. 10, 2007). Those Guidelines summarized the *KSR* decision, and identified various rationales for finding a claim obvious, including those based on other precedents. Those rationales include:

(A) Combining prior art elements according to known methods to yield predictable results;

(B) Simple substitution of one known element for another to obtain predictable results;

(C) Use of known technique to improve similar devices (methods, or products) in the same way;

(D) Applying a known technique to a known device (method, or product) ready for improvement to yield predictable results;

(E) "Obvious to try" – choosing from a finite number of identified, predictable solutions, with a reasonable expectation of success;

(F) Known work in one field of endeavor may prompt variations of it for use in either the same field or a different one based on design incentives or other market forces if the variations would have been predictable to one of ordinary skill in the art;

(G) Some teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill to modify the prior art reference or to combine prior art reference teachings to arrive at the claimed invention.

*Id.* at 57,529. Snap contends that one or more of these rationales apply in considering

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29.

SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS

the obviousness of the claims of the Asserted Claims.

A person of ordinary skill at the time of the invention had reason to combine or modify one or more of the references listed and charted in Exhibits A-I in light of the knowledge of a person of ordinary skill in the art at the time of the invention and information in the prior art cited herein.  In particular, and without limitation, a person of ordinary skill at the time of the invention would have been motivated to combine or modify one or more of the references charted and listed in Exhibits A-I because these references are directed to a common field of endeavor and to solving a common problem, namely electronic messaging systems.  Thus, these references would logically have been combined pursuant to 35 U.S.C. § 103, and there was abundant motivation to combine such references at the time of the purported invention of the Asserted Patents.  Additional rationales with citations can be found in the accompanying charts in Exhibits A-I and below.

For example, Redlich '051 states:

> Concerns regarding the privacy of certain data (for example, an individual's social security number, credit history, medical history, business trade secrets and financial data) is an important issue in society. In another words, individuals and businesses have a greater concern regarding maintaining the secrecy of certain information in view of the increasing ease of distribution of documents through computer networks and the Internet.

Redlich '051 at 1:37-44.  Redlich '252 further states:

> It is common knowledge that the highest security is delivered through total separation. Whereas this concept has only been implemented physically or by isolating computer environments, the invention achieves this concept of total separation within open and networked computer environments. The invention can implement a total physical and logical separation of important and critical data from its context and can preclude access to that information without a needed granular access permission.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

Redlich '252 at 10:31-40.

Kavensky also identified this problem with electronic mail:

> Senders of E-mail messages often want the message to be
> retrieved and accessed by the intended recipient and not made
> available to anybody else to access. For example, a sender of
> an e-mail message including content of an intimate or
> personal nature would like to prevent a receiving user from
> showing his/her note to other people. Standard pre-vention
> methods that include encryption only helps to pre-vent
> unauthorized access to data while it is being commu-nicated
> over the communication medium, e.g., phone lines. These
> security methods however, cannot prevent improper use of
> messages at a receiving end after they are decrypted.
>
> ***It would thus be highly desirable to provide a system and
> method that enables a sender to control access to e-mail data
> after sending the e-mail message to the intended recipient.***

Kavensky at 1:13-26 (emphasis added).

Ogilvie further teaches:

> The present invention relates to methods, articles, signals, and
> systems for self-removing email messages. Self-removal of
> email (or other transmitted digital information presentations)
> can provide at least two advantages. ***First, self-removing
> email can be used to enhance the security of a system by
> reducing the number of message copies and the life span of
> those copies.*** Second, self-removing email can be used to
> reduce the inconvenience of unsolicited email by making it
> possible for officials, advertisers, and other broad-cast email
> originators to present messages that do not have to be
> manually removed by the target audience. A given method,
> article, signal, or system may use self-removing email to
> enhance message security, to reduce recipient annoyance, or
> both.

Ogilvie at 2:32-46 (emphasis added).

Cooley LLP
Attorneys At Law
Palo Alto

31.

**Snap Inc.'s Third Amended Invalidity
Contentions
2:17-CV-220-MLH-KS**

Thus the problems of enhancing security of electronic messaging and various solutions were well-known prior to the alleged inventions of the Asserted Patents.

## B.    Invalidity under 35 U.S.C. § 112

Snap contends that certain Asserted Claims are invalid under 35 U.S.C. § 112 because:  (1) the claims are indefinite; (2) the claims are not enabled; and/or (3) the claims lack adequate written description.  Snap's contentions that the following claims are invalid under 35 U.S.C. § 112 are made in the alternative, and do not constitute, and should not be interpreted as, admissions regarding the construction or scope of the Asserted Claims, or that any of the Asserted Claims are not anticipated or rendered obvious by any prior art.

### 1.    Indefiniteness

The second paragraph of 35 U.S.C. § 112 requires that a patent claim "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention."  A patent is invalid for indefiniteness under § 112 if, when viewed in light of the specification and prosecution history, it fails to "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014).  A patent claim may also be invalid for indefiniteness if the claim recites a "means-plus-function" claim limitation and the patent specification fails to disclose a sufficient corresponding structure and algorithm for performing the claimed function. *See, e.g. Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1353-54 (Fed. Cir. 2015).

Snap contends that the following claim terms fail to satisfy 35 U.S.C. § 112, second paragraph and are thus indefinite:

- "reduced traceability displays" – ('711 Claim 1; '886 Claim 1; '155 Claim 1; '111 Claim 1)

- "reduced traceability electronic messaging application program" – ('711 Claim 1)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32.

**SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS**

- "first display" – ('711 Claims 1 and 5; '886 Claim 1; '739 Claim  1; '155 Claims 1 and 4; '111 Claim 1; '885 Claim 1; '351 Claims 1 and 11)

- "second display" – ('711 Claims 1 and 4-5; '886 Claims 1, 11, and 13; '739 Claim  1; '155 Claims 1 and 5; '111 Claims 1, 4, and 11; '885 Claim 1; '351 Claims 1 and 9)

- "third display" – ('711 Claims 1, 4, and 6)

- "fourth display" – ('711 Claims 1, 4, 6, and 16)

- "deleting the message content … after said providing a second display" – ('886 Claim 11; '111 Claim 11)

- "deleting the message content . . . at a predetermined amount of time after being displayed such that after the second display is terminated from view, the message content . . . is no longer available to the recipient user" – ('886 Claim 13)

- "the sending user mobile device" – ('711 Claim 1; '155 Claim 1)

- "the first message content including a media component not being accessible by the sending user for display via the sending user device after said transmitting the media component to the server computer" – ('739 Claim 1)

- "header information" – ('886 Claims 1 and 9; '155 Claims 1 and 4; '111 Claims 1, 4, and 9; '351 Claims 1, 9, and 12)

- "the selection directed to a portion of a message list" – ('886 Claim 1; '111 Claim 1)

- "preventing a single screen capture of both the identifier of a recipient and the media component" – ('711 Claims 1 and 4; '885 Claim 1)

- "preventing a single screen capture of both the identifier of a sending user and the media component" – ('711 Claims 1 and 4)

- "wherein the identifier of a recipient and the message content transmitted from the server each optionally include a correlation to allow the

Cooley LLP
Attorneys At Law
Palo Alto

33.

Snap Inc.'s Third Amended Invalidity Contentions
2:17-CV-220-MLH-KS

1    identifier of a recipient and the message content to be related to each

2    other by the second reduced traceability electronic messaging application

3    program if the identifier of a recipient and the message content are

4    transmitted from the server separately" – ('711 Claim 1)

5    •    "correlation to allow the identifier of a recipient and the message content

6        including a media component to be related to each other at a later time by

7        the server computer" – ('155 Claim 2; '885 Claim 1)

8    •    "first processor" – ('711 Claims 1 and 4)

9    •    "second processor" – ('711 Claims 1 and 4)

10   •    "preventing screenshot logging at the recipient user device from

11       capturing the media component and the first header information

12       simultaneously" – ('351 Claim  9)

13       **2.    Enablement**

14   The first paragraph of 35 U.S.C. § 112 requires a patent to describe "the manner

15   and process of making and using [the claimed invention], in such full, clear, concise,

16   and exact terms as to enable any person skilled in the art to which it pertains, or with

17   which it is most nearly connected, to make and use the same."  A patent must disclose

18   enough to permit a person of skill in the art, after reading the specification, to practice

19   the claimed invention without undue experimentation.  *Sitrick v. Dreamworks, LLC*,

20   516 F.3d 993, 999 (Fed. Cir. 2008).  Moreover, "[t]he *full scope of the claimed invention*

21   *must be enabled*."  *Id.* (emphasis added)*; see also id.* at 1000 ("Because the asserted

22   claims are broad enough to cover both movies and video games, the patents must enable

23   both embodiments.").

24   Snap contends that the Asserted Claims containing the following claim elements

25   fail to satisfy the enablement requirement of 35 U.S.C. § 112, ¶ 2 because the patent

26   fails to enable the full scope of such claims:

27   •    "display element" – ('886 Claim 1; '155 Claim 1; '111 Claims 1 and 4)

28   •    "display generator" – ('886 Claim 1; '155 Claim 1; '111 Claims 1 and 4)

- "first processor" – ('711 Claims 1 and 4)
- "second processor" – ('711 Claims 1 and 4)
- "preventing screenshot logging at the recipient user device from capturing the media component and the first header information simultaneously" – ('351 Claim 9)
- "preventing a single screen capture of both the identifier of a recipient and the media component" – ('711 Claims 1 and 4; '885 Claim 1)
- "preventing a single screen capture of both the identifier of a sending user and the media component" – ('711 Claims 1 and 4)
- "wherein the identifier of a recipient and the message content transmitted from the server each optionally include a correlation to allow the identifier of a recipient and the message content to be related to each other by the second reduced traceability electronic messaging application program if the identifier of a recipient and the message content are transmitted from the server separately" – ('711 Claim 1)

A person of ordinary skill in the art would not, at the time of the alleged invention, have been able to practice those aspects of the Asserted Claims without undue experimentation. As a result, these claims are not enabled.

### 3. Written Description

In general, the specification of the Asserted Patents does not provide an adequate written description to support the scope of the asserted claim sought by Vaporstream in furtherance of its infringement theories. The first paragraph of 35 U.S.C. § 112 requires a patent specification to contain "a written description of the invention." The written description "must do more than merely disclose that which would render the claimed invention obvious." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1377 (Fed. Cir. 2009). The written description must "clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed" by the time of the application filing date. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

35.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

Cir. 2010) (en banc).  Thus, a written description is inadequate where the claim in question exceeds the scope of what the patent discloses by (for example) omitting an attribute of the described invention from the limitations, thereby over-extending the reach of the claim.  *ICU*, 558 F.3d at 1377-78.

Snap contends that the following claim terms fail to satisfy 35 U.S.C. § 112, second paragraph's enablement requirement and are thus indefinite:

- "display element" – ('886 Claim 1; '155 Claim 1; '111 Claims 1 and 4)
- "display generator" – ('886 Claim 1; '155 Claim 1; '111 Claims 1 and 4)
- "first processor" – ('711 Claims 1 and 4)
- "second processor" – ('711 Claims 1 and 4) "preventing screenshot logging at the recipient user device from capturing the media component and the first header information simultaneously" – ('351 Claim  9)
- "preventing a single screen capture of both the identifier of a recipient and the media component" – ('711 Claims 1 and 4; '885 Claim 1)
- "preventing a single screen capture of both the identifier of a sending user and the media component" – ('711 Claims 1 and 4)
- "wherein the identifier of a recipient and the message content transmitted from the server each optionally include a correlation to allow the identifier of a recipient and the message content to be related to each other by the second reduced traceability electronic messaging application program if the identifier of a recipient and the message content are transmitted from the server separately" – ('711 Claim 1)
- "provide a first plurality of reduced traceability displays . . . the first plurality of reduced traceability displays including a first display and a second display, the first display configured to allow a user of the sending user mobile device to associate the message content including a media component with the electronic message, the second display configured to allow the user of the sending user mobile device to associate the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

identifier of a recipient with the electronic message" / "providing a plurality of reduced traceability displays . . . the plurality of reduced traceability displays including a first display configured to allow a user of the sending user mobile device to associate a message content including a media component with an electronic message and a second display configured to allow the user to associate an identifier of a recipient with the electronic message" / "providing a first display and a second display . . . the first display configured to allow a sending user to associate a first message content including a media component with the electronic message, the second display configured to allow the sending user to input a first recipient address corresponding to the first message content" / "associating a message content including a media component with the electronic message via a first display at a sending user device; associating an identifier of a recipient with the electronic message via a second display at the sending user device" – ('711 Claim 1; '155 Claim 1; '739 Claim 1; '885 Claim 1)

- "transmitting the message content including a media component from the sending user device to a server computer; and transmitting the identifier of a recipient from the sending user device to the server computer, . . . the identifier of a recipient and the message content including a media component each including a correlation to allow the identifier of a recipient and the message content including a media component to be related to each other at a later time by the server computer" / "transmitting the message content including a media component and the identifier of a recipient from the sending user device to a server computer . . . wherein the identifier of a recipient and the message content including a media component each include a correlation to allow the identifier of a recipient and the message content including a media

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

37.

SNAP INC.'S THIRD AMENDED INVALIDITY CONTENTIONS
2:17-CV-220-MLH-KS

1    component to be related to each other at a later time by the server

2    computer." – ('885 Claim 1; '155 Claim 2)

3

4    A person of ordinary skill in the art would not, at the time of the alleged invention,

5    have understood what this element described based on the specification.

6

7

8    Dated: April 18, 2018                      COOLEY LLP

9

10                                             */s/ Reuben H. Chen*
                                               _____
11                                             Reuben H. Chen

12                                             Attorneys for Defendant
13                                             Snap Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO                          38.

SNAP INC.'S THIRD AMENDED INVALIDITY
CONTENTIONS
2:17-CV-220-MLH-KS

# CERTIFICATE OF SERVICE

I certify that all counsel of record are being served via electronic mail with a copy of this document on April 18, 2018.

*/s/Jeannine A.R. Douglas*

Jeannine A.R. Douglas

Cooley LLP
Attorneys At Law
Palo Alto

39.

Snap Inc.'s Third Amended Invalidity
Contentions
2:17-CV-220-MLH-KS