Heidi L. Keefe (SBN 178960)
hkeefe@cooley.com
Mark R. Weinstein (SBN 193043)
mweinstein@cooley.com
Reuben H. Chen (SBN 228725)
rchen@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000

Michael Attanasio (SBN 151529)
mattanasio@cooley.com
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000

ATTORNEYS FOR DEFENDANT
SNAP INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VAPORSTREAM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC. d/b/a SNAPCHAT, INC.,<br><br>Defendant. | Case No.  2:17-cv-00220-MLH (KSx)<br><br>**SNAP INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101[1]** |

---

[1] In accordance with Paragraph 6 of the Court's Amended Scheduling Order (ECF No. 162), Snap's briefs in support of the instant Motion for Reconsideration of Defendant's Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101 and the two motions filed concurrently herewith (the Motion for Summary Judgment of Non-Infringement and No Willfulness and the Motion to Exclude Testimony of Mr. Walter Bratic Regarding Damages) do not exceed a total of twenty-five (25) pages in length.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-00220-MLH (KSX)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1
II. BACKGROUND .................................................................................................. 1
III. ARGUMENT ........................................................................................................ 2
IV. CONCLUSION .................................................................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

i.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-00220-MLH (KSX)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
    356 F. Supp. 3d 889 (N.D. Cal. 2018) ................................................................ 4

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
    939 F.3d 1355 (Fed. Cir. 2019) .......................................................................... 4

*BSG Tech LLC v. Buyseasons, Inc.*,
    889 F.3d 1281 (Fed. Cir. 2018) ............................................................. 1, 2, 3, 4

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
    935 F.3d 1341 (Fed. Cir. 2019) .......................................................................... 3

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) ............................................................................ 3

*Hamid v. Nike Retail Servs., Inc.*,
    Case No. SA CV 17-0060-DOC, 2018 WL 1684316 (C.D. Cal. Apr.
    6, 2018) ............................................................................................................... 1

*Innovation Scis., LLC v. Amazon.com, Inc.*,
    778 Fed. App'x 859 (Fed. Cir. 2019) ................................................................. 4

*Interval Licensing LLC v. AOL, Inc.*,
    896 F.3d 1335 (Fed. Cir. 2018) ................................................................. 1, 2, 4

*Trading Techs Int'l, Inc. v. IBG LLC*,
    921 F.3d 1084 (Fed. Cir. 2019) .......................................................................... 2

**Statutes**

35 U.S.C. § 101 .................................................................................................. 1, 2, 4

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-00220-MLH (KSx)

## I.   INTRODUCTION

Since this Court's February 2018 denial of summary judgment, the Federal Circuit has issued several significant decisions about the subject eligibility of user interface patents under 35 U.S.C. § 101. The decisions make clear that the asserted claims here are invalid under § 101. Two of these cases – *Interval* and *BSG* – are directly on point and warrant reconsideration under Local Rule 7-18, because there has been "a material difference in fact or law from that presented to the Court before [the February 2018 decision]." C.D. Cal. Civ. L.R. 7-18(b); *see Hamid v. Nike Retail Servs., Inc.*, Case No. SA CV 17-0060-DOC (JDEx), 2018 WL 1684316, at *4-5 (C.D. Cal. Apr. 6, 2018). Snap could not have brought this motion earlier because the new cases did not issue until after this action was stayed in June 2018.

In *Interval,* the Federal Circuit invalidated claims to "the presentation of two sets of information, in a non-overlapping way, on a display screen." *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1337-38 (Fed. Cir. 2018). This is remarkably similar to the claims here. In *BSG*, the Federal Circuit also held that a claim is invalid when, as here, its purported "inventive concept" merely restates or reformulates an abstract idea. *BSG Tech LLC v. Buyseasons, Inc.*, 889 F.3d 1281, 1291 (Fed. Cir. 2018).

## II.   BACKGROUND

Three of the Asserted Patents, U.S. Patent Nos. 9,306,886 (the "'886 Patent), 9,338,111 (the "'111 Patent), and 9,313,157 (the "'157 Patent"), are directed toward results of receiving a message on a user device.[2] The other asserted patent, U.S. Patent No. 9,413,711 (the "'711 Patent"), relates to functionality associated with a server for receiving and transmitting messages.[3]

---

[2] Complaint at Exs. D, G, H (ECF Nos. 1-4, 1-7, 1-8) (Jan. 10, 2017).

[3] *Id.* at Ex. I (ECF No. 1-9). The '711 Patent's transmitting limitations simply parallel the "receive side" limitations from a sending user device. (*See id.*) Therefore, while Snap treats claim 1 of the '886 Patent as representative for purposes of this Motion, the asserted claims of the '711 Patent are ineligible for the same reasons.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-00220-MLH (KSx)

### III. ARGUMENT

The Federal Circuit teaches that a user interface that simply presents information in a particular way is not eligible under § 101 unless it **improves the functioning of the computer itself**. Specifically, *Interval* held that claims directed to "the presentation of two sets of information, in a non-overlapping way, on a display screen" were abstract and provided no inventive concept. 896 F.3d at 1337-38. It emphasized that the claims were "result-oriented" and rejected the argument that they provided any technological improvement to the computer system itself. *Id.* at 1344-45. The claims here suffer from the same defects.

Vaporstream admitted that its claims boil down to "providing for the separated display and transmission of message content from sender/recipient information, a correlation between the content and sender/recipient information, and restricted access to/deletion of the message content after transmission/display." (Opp. to Mot. Summ. J., ECF No. 82 ("Opposition") at 6 (Sept. 26, 2017).) But Vaporstream does not claim to have invented the technology, just the ***results***: "providing the second display via the recipient user device such that the second display does not include a display of the header information . . . ***such that*** a single screen capture of both the header information and the media component is prevented." ('886 Patent, claim 1 (emphasis added).) As in *Interval,* Vaporstream "does not allege that computer display devices were previously unable to display information" separately; instead the Asserted Claims "encompass the basic concept of displaying two sets of information, using any means to display them" separately. 896 F.3d at 1347; *see also Trading Techs Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019).

The Court previously denied summary judgment because of an alleged factual dispute regarding whether the combination of claim elements was well-understood, routine, or conventional. But intervening case law has made clear that the factual issues relied upon by the Court present no obstacle to summary judgment. The Federal Circuit in *BSG* held that when searching for the "inventive concept" at step 2 of *Alice*, the focus

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-00220-MLH (KSX)

must turn to "whether the claim limitations *other than the invention's use of the ineligible concept* to which it was directed were well-understood, routine, and conventional." 889 F.3d at 1290. "As a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it." *Id.* at 1291; *accord Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1349 (Fed. Cir. 2019); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 775 (Fed. Cir. 2019).

Vaporstream's Opposition argued that techniques for presenting message header and content information on separate displays were not routine or conventional under *Alice* step 2. Under *BSG*, this is irrelevant because these techniques just use the concept that the Court recognized as ineligible at step 1 – namely, separate presentation of information. The question is whether the claims go beyond that idea. They do not.

Vaporstream's own characterizations of the alleged inventive concept confirm as much: "[t]he 'inventive concept' is in the combination of these limitations *so that screenshotting, interception of transmissions, and widespread manipulation, copying, and redistribution, etc., can all be thwarted*." (Opposition at 23-24 (emphasis added). This merely states the problem to be solved and concludes that the combination solves it, nothing more. Vaporstream does not and cannot point to anything in the claims "other than the invention's use of the ineligible concept." *BSG*, 889 F.3d at 1290.

Vaporstream also has not presented evidence regarding why the mere combination of the abstract elements qualifies as an inventive concept. Nor can it. No matter what level of abstraction the Court chooses to endorse, the only possible non-abstract claim elements are generic and off-the-shelf computer parts. (*See, e.g.,* '886 Patent, claim 1 (reciting nondescript "electronic instructions"); *id.* at 18:33-40 (stating that the alleged invention is "conveniently implemented using a conventional general purpose computer" using unspecified software); *id.* at 5:59-61 (describing the claimed "display" as "a cathode-ray tube (CRT) monitor, a plasma display, an LCD display, and any combinations thereof"); *id.* at 9:29-35 (stating that the "[d]isplay generator" may use "any of a variety of well known display generation methodologies and/or protocols

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-00220-MLH (KSX)

for creating information representing a displayable image".) *See also Interval*, 869 F.3d at 1345 (finding claim ineligible under § 101 that invoked a "generic display device"). These do not help Vaporstream under *BSG* because they are merely generic devices that make "use of the ineligible concept." 889 F.3d at 1290.

The Court need not resolve any alleged factual dispute regarding whether the Asserted Claims recite routine and conventional activities (either individually or in ordered combination). Instead, summary judgment is warranted here, **as a matter of law** in light of the new cases demonstrating how the step 2 inventive concept analysis works. Under *BSG*, "it is ***irrelevant***" whether a feature "may have been non-routine or unconventional as a factual matter" when that feature simply restates the abstract idea. 889 F.3d at 1291 (emphasis added). The Federal Circuit and district courts alike have applied this approach in order to invalidate claims under § 101 at summary judgment. *Id.* (affirming summary judgment of invalidity under § 101); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 939 F.3d 1355, 1368 (Fed. Cir. 2019) (same); *Innovation Scis., LLC v. Amazon.com, Inc.*, 778 Fed. App'x 859, 871 (Fed. Cir. 2019) (same); *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 907 (N.D. Cal. 2018) (finding claims ineligible under § 101).

Accordingly, the Asserted Claims fail *Alice* step 2 as a matter of law because there is no inventive concept that transforms the claim from an abstract idea; the only allegedly unconventional feature is no more than the abstract idea itself.

## IV. CONCLUSION

Snap respectfully requests that the Court reconsider its order denying summary judgment of invalidity as to patent eligibility of the Asserted Patents.

Dated: November 12, 2019

/s/ Heidi L. Keefe
Heidi L. Keefe

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

SNAP'S NOT. OF MTN., MTN., AND MEMORANDUM
ISO SNAP'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-00220-MLH (KSX)