UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAPORSTREAM, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>SNAP INC. d/b/a/ Snapchat, Inc.,<br><br>                        Defendant. | Case No.: 2:17-cv-00220-MLH (KSx)<br><br>**ORDER DENYING JOINT MOTION TO STAY WITHOUT PREJUDICE**<br><br>[Doc. No. 187.] |

On November 15, 2019, the parties filed a joint motion for a 3-month stay of the action in light of the Federal Circuit's recent decision in <u>Arthrex, Inc. v. Smith & Nephew, Inc.</u>, No. 2018-2140, 2019 WL 5616010, at *1 (Fed. Cir. Oct. 31, 2019). (Doc. No. 187.) For the reasons below, the Court denies the joint motion to stay without prejudice.

## **Background**

On January 10, 2017, Plaintiff VaporStream filed a complaint for patent infringement against Defendant Snap, alleging infringement of U.S. Patent Nos. 8,886,739, 8,935,351, 9,306,885, 9,306,886, 9,313,155, 9,313,156, 9,313,157, 9,338,111, and 9,413,711. (Doc. No. 1.) On June 26, 2017, Snap filed an answer to the complaint. (Doc. No. 61.)

Starting on June 6, 2018, the Patent Trial and Appeal Board instituted *inter partes* review of the challenged claims for each of the patents-in-suit. See <u>Snap Inc. v. Vaporstream, Inc.</u>, Case Nos. IPR2018-00200, IPR2018-00312, IPR2018-00369, IPR2018-00397, IPR2018-00404, IPR2018-00408, IPR2018-00416, IPR2018-00439, IPR2018-00455, IPR2018-00458. On June 12, 2018, the parties filed a joint motion to stay the action pending the IPR proceedings as to the patents-in-suit. (Doc. No. 148.) On June 13, 2018, the Court granted the parties' joint motion and stayed the action pending the last Final Written Decision pursuant to 35 U.S.C. 318(a) by the PTAB in the IPR proceedings for the patents-in-suit. (Doc. No. 150.)

Between June 4, 2019 and August 30, 2019, the PTAB issued final written decisions in each of the IPR proceedings for the patents-in-suit. In those decisions, the PTAB held that the challenged claims from the '739 patent, the '885 patent, the '155 patent, the '351 patent, and the '156 patent are all unpatentable, and the PTAB held that the challenged claims from the '886 patent, the '111 patent, the '711 patent, and the '157 patent had not been shown to be unpatentable. (Doc. Nos. 156-1, 157-1, 158-1, 158-2, 158-3, 158-4, 159-1.) Each of these final written decisions have subsequently been appealed to the Federal Circuit by either Vaporstream or Snap. (Doc. No. 187 at 1.)

In light of the PTAB's decisions, on September 13, 2019, the Court partially lifted the stay of the action. (Doc. No. 160.) The Court lifted the stay as to the '886 patent, the '111 patent, the '711 patent, and the '157 patent. (<u>Id.</u> at 3.) The Court continued the stay of the action as to the '739 patent, the '885 patent, the '155 patent, the '351 patent, and the '156 patent. (<u>Id.</u>) On September 23, 2019, the Court issued an amended scheduling order in the action. (Doc. No. 162.)

On October 31, 2019, the Federal Circuit issued its decision in <u>Arthrex, Inc. v. Smith & Nephew, Inc.</u>, No. 2018-2140, 2019 WL 5616010 (Fed. Cir. Oct. 31, 2019). <u>Arthrex</u> involved an appeal from a final written decision issued by the PTAB finding the claims at issue unpatentable. <u>Id.</u> at *2. In <u>Arthrex</u>, the Federal Circuit held that "the current structure of the [PTAB] violates the Appointments Clause." <u>Id.</u> at *8. And "[b]ecause the Board's

2

2:17-cv-00220-MLH (KSx)

decision in th[e] case was made by a panel of APJs that were not constitutionally appointed at the time the decision was rendered," the Federal Circuit vacated and remanded the PTAB decision at issue without reaching the merits. Id. at *11. The Arthrex court further clarified that its holding is "limited to those cases where final written decisions were issued and where litigants present an Appointments Clause challenge on appeal." Id. By the present motion, the parties jointly move for a 3-month stay of the entire action in light of the Federal Circuit's decision in Arthrex.

## Discussion

### I. Legal Standards

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979)). But '[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.' Generally, stays should not be indefinite in nature. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Leyva, 593 F.2d at 864) (citations omitted).

In determining whether to grant a motion to stay, a court "should generally consider the following factors:"

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995); see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

## II. Analysis

After reviewing the above factors, the Court declines to grant the requested stay of the action. The primary issue with the parties' request for a stay of the action is that by basing their stay request on the Federal Circuit's decision in Arthrex, the parties have essentially requested an indefinite stay of the action. The Ninth Circuit has cautioned that: "Generally, stays should not be indefinite in nature." Dependable Highway Exp., 498 F.3d at 1066.

The parties request a stay of the action in light of the Federal Circuit's decision in Arthrex. But, as the parties note in their joint motion, the Arthrex decision could potentially be reconsidered and modified by the issuing panel, reviewed by the Federal Circuit *en banc*, and/or reviewed by the Supreme Court in the future. (Doc. No. 187 at 1-2.) See also Bedgear, LLC v. Fredman Bros. Furniture Co., No. 2018-2082, 2019 WL 5806893, at *5 (Fed. Cir. Nov. 7, 2019) (Dyk, J., concurring in judgment) ("I respectfully suggest that Arthrex was wrongly decided on the issue of remedy."). In addition, even if there are no further appellate proceedings in the Arthrex case, the Court notes that it appears that a different Federal Circuit decision could issue in the near future addressing issues related to the constitutionality of APJs under the Appointments Clause. See Polaris Innovations Ltd. v. Kingston Tech. Co., No. 2018-1768, Docket No. 90 (Fed. Cir. Nov. 8, 2019) (requesting supplement briefing on four issues regarding the constitutionality of APJs under the Appointments Clause). And that potential future decision would be also subject to possible panel rehearing, rehearing *en banc*, and/or Supreme Court review. In light of these potential future events, the parties cannot guarantee that their requested stay would be concluded within a reasonable amount of time. See Dependable Highway Exp., 498 F.3d

at 1066 ("'A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.'").

The Court acknowledges that in their joint motion the parties specifically request a 3-month stay of the action. (Doc. No. 187 at 2.) But in so doing, the parties fail to adequately explain what would be accomplished by the requested 3-month stay. The parties speculate that they expect to receive "at some point in the near future, more clarity on the status of or the 'finality'" of the PTAB decisions at issue. (Id.) But, in light of the many uncertainties surrounding the Arthrex decision noted by the Court above, the parties cannot guarantee that any additional clarity will be provided to them in the next three months, and that they will not simply come back to the Court in three months and request a further stay of the action.

Further, even if Arthrex decision is not further reviewed by the Federal Circuit or the Supreme Court, the parties do not appear to agree that the Arthrex decision necessarily requires that the PTAB decisions at issue be vacated and remanded by the Federal Circuit. In the joint motion, the parties merely state that "Arthrex subjects the currently appealed FWDs to the possibility of vacatur and remand." (Doc. No. 187 at 1.) Here, the parties state that the PTAB decisions will possibly be vacated, not that they necessarily will be.

In sum, the Court, exercising its sound discretion, declines to stay the action at this time. As a result, the Court denies the parties' joint motion to stay without prejudice. As it currently stands, the PTAB has issued final written decision upholding the patentability of the '886 patent, the '111 patent, the '711 patent, and the '157 patent, and those decisions have not been vacated by the Federal Circuit. As such, the action will proceed as to those patents.

**IT IS SO ORDERED.**

DATED: November 21, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT