Heidi L. Keefe (SBN 178960)
hkeefe@cooley.com
Mark R. Weinstein (SBN 193043)
mweinstein@cooley.com
Reuben H. Chen (SBN 228725)
rchen@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000

Michael Attanasio (SBN 151529)
mattanasio@cooley.com
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000

ATTORNEYS FOR DEFENDANT
SNAP INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VAPORSTREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC. d/b/a SNAPCHAT, INC., <br><br> Defendant. | Case No. 2:17-CV-00220-MLH (KSx) <br><br> **SNAP INC.'S OPENING BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF *INTER PARTES* REVIEW PROCEEDINGS**[1] |

---

[1] In accordance with Paragraph 6 of the Court's Amended Scheduling Order (ECF No. 162), Snap's briefs in support of the instant Motion In Limine to Exclude Evidence of Inter Partes Review Proceedings and the four other motions in limine filed concurrently herewith do not exceed a total of twenty-five (25) pages in length.

## I. INTRODUCTION

Any evidence or arguments relating to the *inter partes* review ("IPR") proceedings relating to the remaining patents-in-suit should not be admitted as they are irrelevant, prejudicial, and will likely cause juror confusion. First, these petitions relate to obviousness under 35 U.S.C. § 103, which will not be at issue in this trial, rendering them irrelevant. While Vaporstream alleges that they have some relevance to Snap's claims under 35 U.S.C. § 101, any purported relevance is based on an inaccurate understanding of the law. Second, admitting evidence of the IPR petitions would prejudice Snap's invalidity case and cause significant juror confusion, as it would confuse the jury into believing that the Patent Trial and Appeal Board ("PTAB") may have already reached the merits of Snap's Section 101 defense when such a defense cannot even be raised in an IPR. Finally, even an explanatory jury instruction cannot ameliorate this prejudice or confusion, and would require significant time and resources from the Court and parties during a short trial to even attempt to explain the differences in law and jurisdiction to the jury.

## II. ARGUMENT[2]

### A. The IPR Proceedings Are Irrelevant

This Court recently granted Vaporstream's motion to exclude Snap's claims under 35 U.S.C. § 103 based on IPR estoppel. (ECF No. 224.) In view of that order, Snap will not be presenting a defense based on 35 U.S.C. §§ 102 or 103 to the jury. Thus, any purported relevance that the IPR proceedings could conceivably have to a jury relating to these defenses is moot in view of the Court's order on estoppel.

Nevertheless, Vaporstream has made clear during the parties' meet and confer in advance of filing motions *in limine* that it intends to introduce evidence relating to the IPR proceedings in rebuttal to Snap's invalidity defense that Vaporstream's patents fail

---

[2] This Court is familiar with the background of both the IPR proceedings and the section 101 briefing to date in this matter. (*See* ECF No. 224 at 3-4.)

step 2 of the *Alice* test, and therefore are invalid under 35 U.S.C. § 101.[3] This would be improper under Federal Rules of Evidence 401 and 402, as the IPR proceedings have no relevance to the section 101 inquiry. *Accord Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, Case No. 14-CV-1296-JPS, 2017 WL 4570787, at *5-6 (E.D. Wis. Oct. 12, 2017) (finding that IPR estoppel rendered IPR proceedings irrelevant to the invalidity theories presented to the jury that were not subject to estoppel). Under 35 U.S.C. § 311(b), a petitioner may challenge a patent through an IPR petition "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." As such, Snap was unable to raise section 101 as a ground in the IPR proceedings. Further, the PTAB did not analyze the prior art at issue in the IPRs under section 101 case law, or enter any findings regarding "whether the claim limitations other than the invention's use of the ineligible concept to which it was directed were well-understood, routine, and conventional." *See BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018).

While there may be some "overlap" between a novelty inquiry and a patent-eligibility inquiry, they are not equivalent analyses. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) (noting that "a claim for a *new* abstract idea is still an abstract idea"); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) (finding that a jury verdict of non-obviousness "does not resolve the question of whether the claims embody an inventive concept at the second step of *Mayo/Alice*"). Thus, the PTAB's findings on novelty and obviousness would not directly translate to support or rebut a finding of patent eligibility. Further, no expert (including any expert retained by Vaporstream) has opined how the PTAB proceedings are explicitly relevant to section 101, nor has Vaporstream updated any discovery response to articulate how this evidence would be

---

[3] The Court has already found that the patents at issue are directed to an abstract idea. (ECF No. 224 at 12 (citing ECF Nos. 117 at 9 and 59 at 10-11).)

used at trial.

### B. Admitting the IPR Proceedings Would Be Prejudicial, Cause Juror Confusion, and Waste Time

Even were the Court to agree that there is some negligible relevance to the IPR proceedings to the section 2 inquiry, such evidence would be overly prejudicial and confusing, and a waste of the Court and the jury's time, and should be excluded under Federal Rule of Evidence 403. Any evidence relating to IPR proceedings would be confusing to a lay jury, and could mislead them into believing that the PTAB already has analyzed the patents at issue under section 101 and found them eligible and valid. *See Milwaukee Elec.*, 2017 WL 4570787 at *6 (finding that introduction of evidence regarding IPR proceedings was "likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks). This would clearly prejudice Snap's invalidity case, as would the introduction of proceedings that are currently on appeal and could well be overturned. *See, e.g.*, *Personalized User Model, L.L.P. v. Google Inc.*, C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding reexamination evidence due in part to appeal rights not having been exhausted causing a risk of unfair prejudice to plaintiff).[4]

Vaporstream may suggest that appropriate jury instructions could alleviate this prejudice and confusion. But such instructions (which would be necessary in such a scenario) threaten to waste substantial amounts of court and jury time. The court in *Milwaukee Electric* explained these concerns as follows:

> Equally important to this Court's analysis is the potential waste of time and resources explaining and perhaps rearguing the IPR proceedings. IPR estoppel is designed to streamline district court litigation and prevent revisiting certain validity arguments on which a defendant has already received a considered decision on the merits. Introducing the jury to the

---

[4] Here, Snap has appealed the final written decisions in each of the petitions relating to the patents remaining in this case, and filing their initial appellate briefs on January 31, 2020.

> several series of IPR proceedings at issue here, explaining to them the evidence considered and the role of the PTAB, and discussing the outcomes of those proceedings, will consume enormous amounts of time.

*Milwaukee Elec.*, 2017 WL 4570787, at *6 (internal citation omitted). And here, unlike in *Milwaukee Electric* where the jury was rendering a decision on obviousness, the jury would also have to be instructed on obviousness law and the distinctions between obviousness and the step 2 *Alice* analysis so as to be able to analyze the IPR proceedings in a meaningful manner. Even then, the jury would likely remain confused and misled by arguments equating prior art reviewed by PTAB in an obviousness inquiry regarding the entire claim, and references demonstrating the routine and conventional nature of those elements that remain after the abstract idea has been removed from the claim language. As in *Milwaukee Electric*, "the IPRs would only ever be relevant for the broad notion that the patents are resilient, but such a proposition is misleading and unhelpful." *Id.* (citing *Wis. Alumni Res. Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 874 (W.D. Wis. 2015)).

Finally, granting this order would not preclude the parties from appropriately relying on "statements made or evidence proffered during the [post-issuance proceedings] so long as this is done without referencing either the [proceedings] or the outcomes." *Id.*, at *7 (citing *Personalized User Model*, 2014 WL 807736, at *3). Thus, either party would be free to use statements made by the other party from the IPR proceedings without otherwise prejudicing or confusing the jury.

## III. CONCLUSION

For the foregoing reasons, Snap respectfully requests the Court bar Vaporstream from introducing any evidence or argument relating to the *inter partes* review petitions relating to the patents-in-suit, and any activity at the PTAB relating to these petitions.

Dated: January 29, 2020

Respectfully submitted,

*/s/ Heidi L. Keefe*
Heidi L. Keefe

Heidi L. Keefe (SBN 178960)
Mark R. Weinstein (SBN 193043)
Reuben H. Chen (SBN 228725)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650)843-5000
Facsimile: (650)849-7400

Michael Attanasio (SBN 151529)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858-550-6000
Facsimile: 858-550-6420

*Attorneys for Defendant,
Snap Inc.*